**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-20944-JLK

MIDLAND FUNDING LLC
ASIGNEE OF SYNCHRONY BANK/
WALMART,

      Plaintiff,

v.

EDWARD SHANE WEST-EL,

      Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

**THIS CAUSE** came before the Court upon Defendant Edward Shane West-El's ("Defendant") Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. The Honorable James Lawrence King, Senior United States District Judge, referred this case to the undersigned "for all such judicial proceedings as are permissible under the Magistrates' Act and the Rules of Court." ECF No. [6]. Defendant has not paid the required filing fee, but he filed a Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. Therefore, Defendant's Notice of Removal and Complaint are subject to screening under 28 U.S.C. § 1915(e). For the reasons explained below, the undersigned **RECOMMENDS** that Defendant's Notice of Removal and Complaint be **DISMISSED WITH PREJUDICE** and that his Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

    **I.**    **BACKGROUND**

On March 10, 2021, Defendant filed a "Legal Notice of Removal" and Complaint. ECF No. [1]. Defendant purports to remove an action filed in the County Court for the Eleventh Judicial

1

Circuit in and for Miami-Dade County, Florida. ECF No. [1] at 1. The state action was filed by Midland Funding LLC, as an assignee of Synchrony Bank/Walmart for Defendant's failure to pay his $1,361.59 credit card balance. *See* Complaint, *Midland Funding LLC v. West*, No. 2017-006745-SP-23 (Fla. 11th Cir. Ct. Apr. 17, 2017). In that case, upon conducting a non-jury trial, the state court entered final judgment for Midland Funding. *See* Final Judgment, *Midland Funding LLC v. West*, No. 2017-006745-SP-23 (Fla. 11th Cir. Ct. Aug. 24, 2017).

In his Legal Notice of Removal and Complaint, Defendant also purports to file suit against Midland Funding, the County Court for the Eleventh Judicial Circuit, Judge Caryn Canner Schwartz, Harvey Ruvin (the Miami-Dade County Clerk of Courts), and Robert A. Winter (counsel for Midland Funding), alleging that the final judgment entered in state court is unconstitutional. ECF No. [1] at 3–4. Therefore, Defendant requests compensatory damages in the amount of $150,000.00 and punitive damages in the amount of $150,000.00 from Ruvin and Winter. *Id*. at 14.

**II.   ANALYSIS**

Section 1915 accords litigants "meaningful access to the federal courts" notwithstanding their ability to pay the required filing fee. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that the purpose of the *in forma pauperis* statute is to permit litigants to initiate civil or criminal actions despite their inability to pay the filing fee). Specifically, Section 1915(a)(1) allows litigants to forego the filing fee so long as they submit an affidavit that describes their inability to pay the associated costs. *Id.* If deemed indigent for the purposes of proceeding in the lawsuit, the litigant's filing fees are waived. *Id.* However, Congress recognized that these litigants now "lack[] an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent these potential abuses, Section 1915(e) provides that the court must dismiss such a case if

it determines that the Complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, pursuant to Federal Rule of Civil Procedure 8(e), "[p]leadings must be construed so as to do justice." Therefore, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Zelaya v. Sec., Fla. Dep't of Corr.*, 789 F.3d 1360, 1366 (11th Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). To do so, the court "must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief." *Id.* (quoting *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000)). This allows "meritorious claims to be heard and decided regardless of mere pleading defects introduced by legally unsophisticated litigants." *Id.* Despite affording a pro se complaint the most liberal reading, the court must dismiss a complaint if it finds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

First, a claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Additionally, a case is frivolous "when it appears the plaintiff 'has little or no chance of success.'" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). Therefore, Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. The former includes "claims against which it is clear that the defendants are immune from suit." *Id.*

Furthermore, as to the sufficiency of the allegations asserted, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain

3

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), the pleading does not require "detailed factual allegations" but "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, "formulaic recitation of the elements" supported by mere conclusory statements or "naked assertion[s]" are insufficient. *Id.* at 678. In determining whether a complaint fails to state a claim upon which relief may be granted, the court applies the standard set forth in Federal Rule of Civil Procedure 12(b)(6), taking the factual allegations in the Complaint as true and construing them in the light most favorable to the plaintiff. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").

  Here, the undersigned finds that the Notice of Removal and Complaint are frivolous and fail to state a claim on which relief may be granted. First, a review of the state court docket reveals that Defendant litigated the state action on the merits. Indeed, after a non-jury trial, the state court entered a final judgment for Midland Funding in the amount of $1,592.09. *See* Final Judgment, *Midland Funding LLC v. West*, No. 2017-006745-SP-23 (Fla. 11th Cir. Ct. Aug. 24, 2017). Thus, Defendant has waived any right he had to remove. *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) (noting that litigation on the merits in state court waives the right to remove). Moreover, to the extent Defendant purports to challenge the constitutionality of the state court final judgment, this Court does not have authority to review that judgment or grant any relief pursuant to the *Rooker-Feldman* doctrine. *See Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir.2000) ("The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of

state courts."). Accordingly, given the insufficiency of the claims here, the undersigned recommends that Defendant's Notice of Removal and Complaint be dismissed with prejudice.

## II. RECOMMENDATION

As set forth above, the undersigned **RECOMMENDS** that Defendant's Notice of Removal and Complaint, ECF No. [1], be **DISMISSED WITH PREJUDICE** and that his Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3], be **DENIED AS MOOT**.

## III. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Any request for an extension of this deadline must be made within seven (7) calendar days from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in chambers at Miami, Florida on August 2, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge